UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
TELBERT CICERO,

                Plaintiff,

  - against -

THE CITY OF NEW YORK, et. al.,

                Defendants.

----------------------------------------------------X

**O R D E R**

11 CV 0360 (NGG)

On January 24, 2011, plaintiff Telbert Cicero ("Cicero") filed this action against the City of New York, pursuant to 42 U.S.C. § 1983, seeking damages for false arrest and malicious prosecution. Plaintiff alleges that following his false arrest on or about March 8, 2010, he was held in police custody for over twenty-four hours and required to appear several times in court before the charges were dismissed on January 12, 2011. (Compl.[1] ¶¶ 1, 17-19). According to plaintiff, these alleged harms caused him to suffer "physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity." (Id. ¶ 39).

Currently pending before this Court is a dispute as to the scope of discovery relating to plaintiff's prior arrest history. In defendants' First Set of Interrogatories and Request for Production of Documents served on May 13, 2011, defendants sought discovery of all of plaintiff's prior arrests, including those that did not result in convictions, and asked plaintiff to

---

[1]Citations to "Compl." refer to the plaintiff's Complaint, filed on January 24, 2011.

1

provide an authorization to unseal the corresponding records. (Pl.'s 6/28/11 Letter[2] at 1). Plaintiff had previously provided defendants with an unsealing authorization permitting defendants access "to all sealed records pertaining to the arrest at issue in this matter." (Id.) However, plaintiff refused to provide access to any other arrest records on the grounds that "any arrests not resulting in a conviction were privileged pursuant to C.P.L. § 160.50." (Id.) Plaintiff did, however, furnish defendants with a list of thirteen of plaintiff's prior arrests that had resulted in convictions and were therefore not protected by C.P.L. § 160.50. (Id.) Defendants now claim that they are entitled to discover plaintiff's entire criminal history, as such information is "likely to be admissible at trial to mitigate or controvert damages," and therefore ask this Court to order plaintiff to provide an unsealing release for all prior arrests. (Defs.' 6/29/11 Letter at 1).

Having considered the parties' submissions, the Court grants defendants' request for an authorization to produce all records for plaintiff's previous arrests to defendants during discovery.

## DISCUSSION

A. <u>Legal Standard</u>

Under C.P.L. § 160.50, records relating to an "action [that] has been terminated in favor of the accused . . . shall be sealed." C.P.L. § 160.50(1). These records include "all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution,

---

[2]Citations to "Pl.'s 6/28/11 Letter" refer to the letter filed by plaintiff on June 28, 2011. The Court notes that the letter itself is dated June 27, 2011.

2

including all duplicates and copies thereof, on file with the division of criminal justice services, any court, policy agency, or prosecutor's office" and shall "not [be] made available to any person or public or private agency." C.P.L. § 160.50(1)(c). However, the statute designates exceptional circumstances in which these records may be unsealed. See C.P.L. § 160.50(1)(d). Specifically, these records "shall be made available to . . . a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it," along with other exceptions not germane to the present case. C.P.L. § 160.50(1)(d)(ii).

The statute is designed to "balance[] the rights of a former defendant to restrict and obtain access to official records and papers in favorably terminated criminal proceedings" by "requiring sealing in a wide variety of contexts and providing for the disclosure of sealed files in only limited circumstances." Harper v. Angiolillo, 89 N.Y.2d 761, 767, 658 N.Y.S.2d 229, 232, 680 N.E.2d 602, 605 (1997). These confidentiality measures enable a former defendant to "avoid the stigma" associated with an arrest and prosecution. Taylor v. N.Y.C. Transit Auth., 131 A.D.2d 460, 461, 516 N.Y.S.2d 237, 239 (2d Dep't 1987). In this way, the former accused may "pursue employment, education, professional licensing and insurance opportunities untainted" and unimpeded by former, unsubstantiated criminal prosecution. Harper v. Angiolillo, 89 N.Y.2d at 766, 658 N.Y.S.2d at 232, 680 N.E.2d at 605 (citing People v. Patterson, 78 N.Y.2d 711, 716, 579 N.Y.S.2d 617, 619, 587 N.E.2d 255, 257 (1991)). This confidentiality privilege "is intended to protect the accused," and "may not be used by him as a sword to gain an advantage in a civil action." Taylor v. N.Y.C. Transit Auth., 131 A.D.2d at 461, 516 N.Y.S.2d at 239.

Thus, courts have held that if a former defendant "'puts into issue in a civil action elements common both to the civil action and to a [former] criminal prosecution, that party waives the privilege conferred'" by the statute. Id. (quoting Lundell v. Ford Motor Co., 120 A.D.2d 575, 576, 502 N.Y.S.2d 63, 64 (2d Dep't 1986) (citing Gebbie v. Gertz Div. of Allied Stores, 94 A.D.2d 165, 168, 463 N.Y.S.2d 482, 485-86 (2d Dep't 1983))). In these circumstances, the defendant is entitled to discover plaintiff's sealed records if the court finds that the "material concerning the arrest and prosecution" is "clearly relevant to the issues raised" by the plaintiff's civil cause of action. Taylor v. N.Y.C. Transit Auth., 131 A.D.2d at 461, 516 N.Y.S.2d at 239. In Kalogris v. Roberts, the court held that the plaintiff's commencement of an action to "recover damages for malicious prosecution after she was acquitted on [the initial] charges" constitutes a forfeiture of the confidentiality privilege by placing the sealed facts at issue. 185 A.D.2d 335, 335, 586 N.Y.S.2d 806, 807 (2d Dep't 1992); see also Wright v. Snow, 175 A.D.2d 451, 452, 572 N.Y.S.2d 503, 504 (3d Dep't 1991). Thus, courts have an "inherent power to make sealed records available" under special circumstances. Hynes v. Karassik, 47 N.Y.2d 659, 664, 419 N.Y.S.2d 942, 945 (1979).

Sealed records are made available under the premise that "a party who voluntarily initiates a civil action . . . dredges up the issues" protected under C.P.L. § 160.50. Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000). These issues must be relevant to the pending civil action and "vital to the defense of the claim." Iazetta v. State of New York, 105 Misc.2d 687, 688 (N.Y. Ct. Cl. 1980). Ultimately, the defendant should not be placed "in an unjust and nondefensible litigation posture." Id. Confidentiality rules should never be permitted to

4

"frustrate the important federal interests in broad discovery and truth-seeking" procedures. King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988); see also Lehman v. Kornblau, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) (quoting Cruz v. Kennedy, No. 97 CV 4001, 1997 WL 839483, at *1 (S.D.N.Y. Dec. 19, 1997)).

Courts have held that information regarding past convictions is "relevant to the extent plaintiff seeks to recover damages for emotional distress." Green v. Baca, 226 F.R.D. 624, 656 (C.D. Cal. 2005). Specifically, "a person who has previously been incarcerated may suffer less damage as a result of a subsequent wrongful incarceration" than a person incarcerated for the first time. Id. at 657 (citing Ford v. Wells, 347 F. Supp. 1026, 1030 (E.D. Tenn. 1972)); see also Bryan v. Jones, 519 F.2d 44, 46 (5th Cir. 1975); Alamo Downs, Inc. v. Briggs, 106 S.W.2d 733, 738-39 (Tex. Civ. App. 1937)).

Courts in this Circuit have reached similar conclusions. In Schiller v. City of New York, the court held that prior arrest records are relevant to the assessment of damages notwithstanding their admissibility at trial: "[t]he City correctly points out that 'documents detailing [plaintiff's] prior arrest experiences, previous arrest processing, and criminal court proceedings are relevant to refute [his] claims regarding the cause and extent of emotional distress damages attributable'" to the arrest and confinement at issue. Nos. 04 CV 7922, 04 CV 7921, 05 CV 8453, 2006 WL 3592547, at *8 (S.D.N.Y. Dec. 7, 2006). The court ultimately compelled release of the sealed arrest records, even for arrests that occurred out-of-state and/or did not result in a conviction or incarceration. Id. at *3, *8. The court in Fryar v. City of New York also found that "there is no colorable argument for refusing to give defendants a release so that they can obtain the records of

[plaintiff's] 19 prior arrests . . . [as] [t]hese documents have obvious potential relevance both as to credibility and damages." No. 10 CV 5879, slip. op. at *1 (E.D.N.Y. May 4, 2011). While the court refused to rule "on how much, if anything" about the prior arrests should be disclosed to the jury, it ultimately determined that "the information surrounding [the arrests] is not going to be hidden from defendants." Id. at *2. In Ramos v. County of Suffolk, the court "ruled that the fact of [a prior] arrest [i]s admissible because it affect[s] the plaintiff's claim for emotional distress damages." 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (emphasis in original). At the same time, however, the court held that the reasons behind this prior arrest must remain confidential. Id.

B. Analysis

Plaintiff argues that, in deciding whether to disclose sealed arrest records, the Court should take "into consideration the relevance of the records and the interests protected by the state law privilege." (Pl.'s 6/28/11 Letter at 2 (citing Landrigan v. Kaytes, No. 07 CV 8669, 2008 U.S. Dist. LEXIS 47133, at *7 (S.D.N.Y. June 13, 2008))). Plaintiff claims that courts require disclosure only when "the plaintiff brings a civil lawsuit regarding the subject matter of the sealed arrest." (Pl.'s 6/28/11 Letter at 2 (citing Kalogris v. Roberts, 185 A.D.2d at 335-336, 586 N.Y.S.2d at 807)). Plaintiff contends that disclosure of the records underlying the sealed arrests is intended to block the plaintiff's attempt to "use the privilege as a sword rather than a shield in order to gain an advantage." (Id.) However, here, plaintiff claims that he is not seeking to use this privilege in this manner, since he is not suing "concerning any previous, sealed arrests

6

for which defendants now seek authorizations." (Id.) Thus, plaintiff argues that the sealed arrests are unrelated to the pending case, and are privileged under C.P.L. § 160.50.

Plaintiff further claims that, even though prior arrests may be relevant for assessing emotional damages, these arrests are relevant only insofar as they disclose the fact of an arrest and the "length of any resulting incarceration." (Id. (citing Green v. Baca, 226 F.R.D. at 657)). Since plaintiff has "already informed defendants that plaintiff was detained multiple times prior to the litigated arrest," he argues that unsealing the documents surrounding these arrests "would not assist a fact finder in evaluating plaintiff's claim for emotional injury," because the fact of plaintiff's multiple prior arrests is undisputed. (Pl.'s 6/28/11 Letter at 2-3 (citing Ramos v. County of Suffolk, 707 F. Supp. 2d at 424)).

In response, defendants claim that their request "is plainly within the bounds of permissible discovery," as this district "routinely require[s] production of blanket N.Y. C.P.L. § 160.50 releases." (Defs.' 6/29/11 Letter at 1-2 (citing Fryar v. City of New York, No. 10 CV 5879, slip. op. at *1; Schiller v. City of New York, 2006 WL 3592547, at *8)). Defendants claim that the unsealing authorization is "relevant for purposes of discovery," as well as for assessing damages for emotional distress. (Id. at 1). Defendants also claim that "courts unequivocally mandated production of an unsealing release for all of plaintiff's prior arrests irrespective of the surrounding facts and circumstances of the particular case." (Id. at 2 (citing Fryar v. City of New York, No. 10 CV 5879, slip. op. at *1; Wilson v. City of New York, No. 06 CV 229, 2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006)) (emphasis in original)). Defendants argue that the only case cited by plaintiff "where a blanket unsealing release was denied was where a plaintiff sought prior arrest records of a defendant." (Defs.' 6/29/11 Letter at 2 (citing Rasbach v. Brandt,

7

No. 96 CV 1438, 1997 WL 309415, at *3-4 (N.D.N.Y. June 2, 1997))). Ultimately, defendants contend that "[p]laintiff should not be permitted to selectively reveal certain facts concerning his criminal history." (Defs.' 6/29/11 Letter at 3).

Neither party disputes that plaintiff's prior incarcerations are relevant to the issue of damages and emotional injury. (Pl.'s 6/28/11 Letter at 2; Defs.' 6/29/11 Letter at 1). A plaintiff who has previously been incarcerated "may suffer less damage as a result of a subsequent wrongful incarceration." Green v. Baca, 226 F.R.D. at 657 (citing Ford v. Wells, 347 F. Supp. at 1030). Thus, details of plaintiff's prior arrests may be relevant to assessing his emotional injuries in the pending litigation.

Given the broad range of discovery and the relevance of these records to plaintiff's damages claims, the Court Orders plaintiff to produce an authorization for all prior arrest records. Whether any of these records ultimately are admitted at trial will be left for the trial judge to determine.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing ("ECF") system or by mail.

**SO ORDERED.**
Dated: Brooklyn, New York
July 25, 2011

Cheryl L. Pollak
United States Magistrate Judge